## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JEY ALLEN LEWIS,**

**Plaintiff,**

v.                                                      **CASE NO. 23-3088-JWL**

**WYANDOTTE COUNTY JAIL, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Jey Allen Lewis, a state prisoner who is housed at the Wyandotte County Detention Center (WCDC), which he also refers to as the Wyandotte County Jail, in Kansas City, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and in forma pauperis. The Court has reviewed the complaint and has identified deficiencies, as set forth below, which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies.

### I.   Nature of the Matter before the Court

Plaintiff names as Defendants the WCDC and Sergeant J.J. Cortes, Deputy E. Black, Deputy F. Carlon, Deputy C. Porath, Deputy E. Meador, Nurse Hope, and Nurse Pam, all of whom work at the WCDC. (Doc. 1, p. 1-3.) As the factual background for this complaint, Plaintiff alleges that at 11:30 a.m. on February 22, 2023, he was in I pod at the WCDC, when he was placed into restraints and escorted to the medical pod. *Id.* at 2. Plaintiff asked several times what was going on, but no one answered him. Plaintiff was told to strip and he eventually "went to the ground." At some point, Defendant Carlon placed his hand around Plaintiff's neck and his arm smashed

1

Plaintiff's head into the ground. When Plaintiff repeatedly asked Defendant Carlon to remove his hand, Defendant Cortes said, "'If you can ask that then you can breathe.'" As a result of the incident, Plaintiff was injured and suffers from post-traumatic stress disorder (PTSD) "and other physical and mental health" problems. *Id.*

In Count I of the complaint, Plaintiff alleges the violation of his Fourth Amendment rights by the use of excessive force. *Id.* at 4. As the supporting facts for Count I, Plaintiff alleges that Defendants Carlon, Black, Porath, and Cortes put him in restraints and Defendants Carlon and Black shoved him against a wall and then to the ground. Defendant Porath grabbed and held Plaintiff's feet and legs and Defendant Carlon put his forearm against Plaintiff's head and his right hand around Plaintiff's neck. Plaintiff said, "'I can't breathe, move your hand,'" but Defendant Cortes replied, "'If you can talk to say you can't breathe, then you can.'" *Id.*

In Count II, Plaintiff alleges the violation of his Ninth Amendment rights due to "unlawful police misconduct by refusing to explain insufficient accusations as well as protocol." *Id.* As the supporting facts for Count II, Plaintiff alleges that during the incident, he repeatedly asked why he was being asked to strip naked and the only response he received was being told to take off his jumper. *Id.* His restraints were never removed so that he could take off his jumper and his requests for an explanation went unanswered. *Id.* As relief, Plaintiff requests compensatory damages in the amount of $800,000.00. *Id.* at 6.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes

a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III.     Discussion

### Defendants

First, this action is subject to dismissal as it is brought against the WCDC. A jail facility is not a proper defendant because it is not a "person" subject to suit for money damages under § 1983. *See Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

Second, this action is also subject to dismissal as it is brought against Defendants Porath, Meador, Hope, and Pam because Plaintiff fails to allege facts showing these Defendants' personal participation in the alleged constitutional violations. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The complaint in this matter contains no allegations specifically regarding any actions by Defendants Meador, Hope, or Pam. The only allegation specific to Defendant Porath is that he was part of the group who "put [Plaintiff] in restraints and never took them off." (Doc. 1, p. 4.) Although Defendant Porath might be included in some of Plaintiff's allegations about acts of

"deputies," Plaintiff must clearly "isolate the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565, n.10. This specificity is required so that the individual defendants and the Court can "ascertain what particular unconstitutional acts" each defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

### Failure to State a Claim

Count I of the complaint asserts a claim of excessive force under the Fourth Amendment. First, courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause, not the Fourth Amendment. Second, not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *El'Amin v. Pearce*, 750 F.2d 829, 831 (10th Cir. 1984) (While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); *see also George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980) ("A single unauthorized assault by a guard does not constitute cruel and unusual punishment.").

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. _____*, 475 U.S. __, 320–21 (___).

Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, it does not allege sufficient facts for this Court to conclude it is plausible that both the objective and subjective prongs of the excessive force test were met. For example, Plaintiff does not allege how long the incident lasted, nor does he allege facts that show a plausible claim that a Defendant assaulted him maliciously and sadistically for the purpose of causing harm. Plaintiff's allegations of excessive force appear to describe an isolated incident of battery at most.  Unless plaintiff can allege additional facts, his allegations fail to implicate constitutional concerns.

Count II of the complaint is subject to dismissal because it fails to state a plausible claim for relief under § 1983. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West,* 487 U.S. at 48-49. Count II alleges the violation of the Ninth Amendment via "unlawful police misconduct by refusing to explain insufficient accusations as well as protocol." (Doc. 1, p. 4.)  The Court is unaware of a Ninth Amendment right to be free of "police misconduct" or a Ninth Amendment right for a prisoner to receive a satisfactory explanation of the actions of prison officials. The Ninth Amendment provides:  "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It has been interpreted as an amendment that "prohibits courts from concluding that a right does not exist simply because it is not listed in the Constitution." *See Heath v. Norwood*, 325 F. Supp. 3d 1183, 1192-93 (D. Kan. Sept. 5, 2018). But Plaintiff does not explain how the Ninth Amendment is relevant to this matter.

To the extent that the reference to protocol can be liberally construed as a claim that Defendants violated prison policy, such allegations fail to state a federal constitutional violation as needed to obtain relief under § 1983. The Ninth Amendment does not clearly create or protect a constitutional guarantee that prison officials and employees will follow state-mandated

protocols.

**Claim for Damages**

Finally, this matter is subject to dismissal because Plaintiff has failed to specifically allege the type of physical injury required to support his claim for compensatory damages. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. Although he generally alleges "other physical and mental health" injuries (Doc. 1, p. 2.), "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *See Hall*, 935 F.2d at 1110. The only relief requested in the complaint is money damages. Unless Plaintiff alleges specific physical injury, this matter will be subject to dismissal for failure to request relief that is available under the facts alleged in the complaint.

**IV.   Amended Complaint Required**

As explained above, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not refer to an earlier pleading, and the amended complaint must contain all allegations, claims,

and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3088) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed above. He must clearly identify the right he believes was violated in each Count, and he must cure all the deficiencies identified in this order. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including May 17, 2023, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 17th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge