IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEY ALLEN LEWIS,

                       **Plaintiff,**

      v.                                                                CASE NO. 23-3088-JWL

J.J. CORTES, ET AL.,

                       **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Jey Allen Lewis is a Kansas prisoner incarcerated at the Wyandotte County Detention Center (WCDC), which he also refers to as the Wyandotte County Jail, in Kansas City, Kansas. He proceeds pro se and in forma pauperis. The matter comes before the Court on Plaintiff's amended complaint under 42 U.S.C. § 1983, filed May 1, 2023. (Doc. 6.)

In the amended complaint, Plaintiff names as Defendants Sergeant J.J. Cortes, Deputy E. Black, and Deputy F. Carlon, all of whom work at the WCDC. *Id.* at 1-3. As the factual background for this action, Plaintiff alleges that on February 22, 2023, he requested medical attention and, after his initial request was refused, Defendants put him into restraints and took him to I-pod, which is the medical pod at the WCDC. *Id.* at 2, 4. Plaintiff asked several times what was going on, but no one answered him. *Id.* at 2.

Once they arrived at I-pod, Plaintiff was told to strip, even though he was still restrained, and then Defendant Cortes ordered Defendants Black and Carlon to strip Plaintiff. *Id.* at 2, 4. Defendant Carlon put his hand around Plaintiff's throat, restricting his breathing, and Defendant Black put his forearm on the back of Plaintiff's neck and slammed him onto the ground. *Id.* at 4. Defendant Carlon then smashed Plaintiff's head with his right forearm. Over the next two to three

1

minutes, Plaintiff asked twice that Defendant Carlon remove his hand from Plaintiff's neck, and Defendant Cortes said, "'If you can say you can't breath[e], then you can.'" *Id.* at 2. Plaintiff's restraints were not removed during the duration of the incident, which Plaintiff alleges lasted for 30 minutes. *Id.* Plaintiff suffered pain in his right knee and a torn ligament in his left shoulder. *Id.*

In the sole count of the amended complaint, Plaintiff alleges the violation of the Eighth Amendment's[1] prohibition against cruel and unusual punishment, based on the facts alleged above. *Id.* at 4. As relief, Plaintiff requests compensatory damages in the amount of $500,000.00. *Id.* at 6.

Considering the record currently before the Court, the Court concludes that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Wyandotte County Detention Center. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991). The Court does not order service of process at this time but will screen the complaint after receipt of the report ordered herein and Plaintiff's response to that report.

**IT IS THEREFORE ORDERED:**

(1) The report required herein shall be filed no later than July 7, 2023, unless the time is extended by the Court.

(2) Officials responsible for the operation of the Wyandotte County Detention Center are directed to undertake a review of the subject matter of the complaint:

   a. To ascertain the facts and circumstances; and

---

[1] A review of available state court records leaves unclear whether Plaintiff's claim should be viewed under the Eighth Amendment, which protects convicted prisoners from cruel and unusual punishment including the use of excessive force, or the Fourteenth Amendment, which protects pretrial detainees from the use of excessive force. *See Brown v. Flowers*, 974 F.3d 1178, 1182-83 (10th Cir. 2020). Because the standards for these type of claims differ based on the status of the incarcerated individual, this may inform the Court's initial screening of the action now before it. It appears that at the time of the events in question, Plaintiff was incarcerated in the WCDC in relation to proceedings in multiple cases, some of which were in the pretrial phase and some of which were post-conviction, pending probation revocation. *See* Online Records of the Wyandotte County District Court, cases number 17CR939, 17CR 1263, and 18CR857 and Online Records of the Atchison County District Court, case number 17CR396.

      b. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled. Copies of pertinent rules, regulations, official documents, and police reports shall be included in the written report.

(4) Authorization is granted to the officials of the Wyandotte County Detention Center to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) Discovery by Plaintiff shall not commence until the report has been filed and the Court has completed its screening of this matter.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Sheriff of Wyandotte County, Kansas as an interested party on the docket for the limited purpose of preparing and filing the *Martinez* report ordered herein. Upon the filing of that report, the interested party may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including August 7, 2023 to file a reply to the *Martinez* report.

**IT IS SO ORDERED.**

DATED:   This 2nd day of May, 2023, at Kansas City, Kansas.

                                                S/ John W. Lungstrum

                                                JOHN W. LUNGSTRUM
                                                United States District Judge