IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEY ALLEN LEWIS,

Plaintiff,

v.                                                                          CASE NO. 23-3088-JWL

WYANDOTTE COUNTY JAIL, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Jey Allen Lewis, a state prisoner who is currently housed at Larned State Hospital, filed this civil action pursuant to 42 U.S.C. § 1983 based on events that occurred in February 2023 while he was housed at Wyandotte County Detention Center (WCDC) in Kansas City, Kansas. (Docs. 1 and 6.) Plaintiff proceeds pro se and in forma pauperis. (Doc. 4.)

## I.  Nature of the Case

On May 1, 2023, Plaintiff filed the currently operative amended complaint. (Doc. 6.) Therein, he alleged one count of unconstitutionally cruel and unusual punishment, based on a February 2023 encounter with Defendants Sergeant J.J. Cortes, Deputy E. Black, and Deputy F. Carlon, all of whom work at WCDC. *Id.* at 2, 4. As relief, Plaintiff seeks $500,000.00. *Id.* at 6.

After reviewing the amended complaint, the Court concluded that it could not complete the required screening of Plaintiff's claims without additional information from the appropriate officials of WCDC. (Doc. 7, p. 2.) Thus, on May 2, 2023, the Court issued an order directing those officials to file a *Martinez* report. *Id.* at 2-3. The report was timely filed on September 7, 2023 (Doc. 13) and Plaintiff was granted to and including October 9, 2023 in which to file a reply to the report (*see* Doc. 12).

1

The Court did not receive a reply from Plaintiff by the deadline, so on the morning of October 13, 2023, it issued a memorandum and order to show cause (MOSC) explaining that, in light of the information in the amended complaint and the *Martinez* report, Plaintiff had failed to state in the amended complaint a plausible claim upon which relief can be granted. (Doc. 14.) The Court granted Plaintiff until November 13, 2023 in which to show good cause, in writing, why this matter should not be dismissed without prejudice for failure to state a claim. *Id.* at 9. On the afternoon of the same day that the Court issued the MOSC, however, the Court received in the mail Plaintiff's motion for extension of time to reply to the *Martinez* report. (Doc. 15.) Because the motion did not appear to have been drafted or mailed until after the deadline for the reply, the Court denied the motion. (Doc. 17.) The order denying the motion allowed Plaintiff to include a reply to the *Martinez* report in his written response to the MOSC. *Id.*

Plaintiff filed his response to the MOSC on November 13, 2023. (Doc. 18.) Therein, he advised the Court that he had never received a copy of the *Martinez* report. *Id.* at 1. He further clarified that during the events underlying this matter, he was a pretrial detainee awaiting transfer to Larned State Hospital. *Id.* at 2. Plaintiff also sought to clarify and add to the facts alleged in the amended complaint. *Id.* at 2-8. Importantly, he advised the Court that the statement in his amended complaint that he "was never compliant" with Defendants' directives was a misstatement. *Id.* at 6, 8. Rather, Plaintiff had intended to allege that he "was never non-compliant." *Id.* at 6. The response to the MOSC also contained additional argument in support of Plaintiff's claim. *See id.* at 5-10.

Since Plaintiff advised the Court that he had not received a copy of the *Martinez* report, the Court issued an order on November 14, 2023 directing the Clerk to mail to Plaintiff a copy of the report and the attachments thereto. (Doc. 19.) The Court further granted Plaintiff to and including December 22, 2023 in which to submit any additional written response to the report. The

Court also advised Plaintiff that it would resume the required screening of the amended complaint upon receipt of a written response or when the deadline to submit the response expired. *Id.* The time to file an additional written response to the *Martinez* report expired more than 2 weeks ago and the Court has not received any documents from Plaintiff. Accordingly, the Court resumed screening of the operative amended complaint.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a

claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III.   Discussion

Under the standards explained above, the statutorily required screening process involves the Court determining whether Plaintiff has stated a plausible claim for relief, assuming that all of the facts alleged in the operative pleading are true. The problem in this matter is that Plaintiff's November 13, 2023 submission materially altered the facts alleged in the amended complaint. Plaintiff sought to alter the factual allegation that he "was never compliant" to allege that he "was never non-compliant." (*See* Doc. 18, p. 6, 8.) He also sought to allege facts regarding later, related disciplinary proceedings in which he claims that Defendants were found to be "the cause of the problems" and Defendants' actions against Plaintiff were found to violate administrative policies. *Id.* at 5.

In order to add or alter claims or significant factual allegations, however, Plaintiff must submit a complete second amended complaint. *See* Fed. R. Civ. P. 8 and 15. The Court acknowledges that Plaintiff's original statement that he was "never compliant" with Defendants'

directives was a simple misstatement. Regardless, changing the allegation that Plaintiff was "never compliant" to the allegation that he was "never non-compliant" significantly and materially alters the factual allegations underlying Plaintiff's claim in this matter. In addition, Plaintiff clarifies in his November 2023 response that he was a pretrial detainee at the time of the relevant events, which makes clear that he is alleging a violation of the Fourteenth Amendment's protection of pretrial detainees from cruel and unusual punishment, rather than the Eighth Amendment's protection of convicted inmates from cruel and unusual punishment. As the Court has previously explained, the elements of these two claims differ. (*See* Doc. 14, p. 5-8.)

Finally, liberally construing the November 2023 response, it seems that Plaintiff may wish to add factual allegations regarding later disciplinary proceedings related to the February 2023 incident. In order to effect these changes, Plaintiff must file a complete and proper second amended complaint. In other words, an accurate recitation of all of Plaintiff's factual allegations and his claim or claims should exist in the same pleading. Not only do the Federal Rules of Civil Procedure impose this requirement, it is in the interest of judicial efficiency. Thus, the Court will grant Plaintiff time to file a complete and proper second amended complaint, on the court-approved form, that corrects the material misstatement in the amended complaint and includes any additional factual allegations Plaintiff wishes.

## IV.    Amended Complaint Required

As explained above, Plaintiff will be given the opportunity to file a complete and proper second amended complaint upon court-approved forms that includes all of the additional information Plaintiff wishes and that corrects his previous misstatement regarding his compliance with Defendants' directives. As Plaintiff is aware, an amended pleading does not simply supplement an earlier one; it completely replaces it. Therefore, once the second amended

complaint is filed, any claims or allegations not included in the second amended complaint will no longer be before the Court. Plaintiff may not refer to an earlier complaint, and the second amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the currently operative complaint and those identified herein as being asserted in Plaintiff's other filings with this Court.

Plaintiff must write the number of this case (23-3088) at the top of the first page of his second amended complaint. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. In accordance with Plaintiff's request (*see* Doc. 18, p. 10), the Court will grant Plaintiff 60 days in which to submit the second amended complaint. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the currently operative amended complaint, and may dismiss this matter without further prior notice to Plaintiff. If Plaintiff timely files a second amended complaint, the Court will complete the statutorily required review of the second amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including March 11, 2024, to file a complete and proper second amended complaint. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 10th day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

6