IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEY ALLEN LEWIS,

    *Plaintiff,*

v().

JOHNATHON CORTES, et al.,

    *Defendants.*

Case No. 23-3088-EFM-GEB

**MEMORANDUM AND ORDER**

    Before the Court is Defendants Johnathon Cortes', Eliason Black's, and Fabian Carlon's Motion for Summary Judgment or Alternative Motion to Dismiss (Doc. 35). Plaintiff Jey Allen Lewis alleges Defendants used excessive force in violation of the Fourteenth Amendment while he was a pre-trial detainee at the Wyandotte County Detention Center ("WCDC"). Defendants assert qualified immunity and ask this Court to grant them summary judgment or in the alternative to dismiss Plaintiff's claims against them. For the following reasons, the Court grants Defendants summary judgment.

### I.     Factual and Procedural Background

    This case arises from events that occurred while Plaintiff was housed in the WCDC. Sergeant Cortes is currently a Sergeant at the Wyandotte County Sheriff's Office ("WCSO") and was assigned to the WCDC as the Intake Sergeant during the relevant timeframe of Plaintiff's

complaint. Additionally, Deputies Carlon and Black are both currently Deputies at WCSO and were assigned to the WCDC at the time the events that form the basis of Plaintiff's complaint.

Plaintiff reported right hand and knuckle pain from him punching a wall on February 18, 2023. Medical staff examined Plaintiff and observed no swelling. An x-ray of Plaintiff's hand was taken on February 21, 2023, and no fractures or dislocations of his hand were found.

On February 22, 2023, Deputy Ethan Meador called the medical unit to inform them that Plaintiff's right hand was swollen, and that Plaintiff was agitated with his lack of care. Plaintiff was placed on medical observation due to his continued self-injurious behaviors. When Plaintiff was informed that he was going to be placed on medical observation and moved to the infirmary, he refused to pack his things and stated, "I am not going anywhere."

Sergeant Cortes directed Deputies Carlon and Black to assist with moving Plaintiff to be placed under medical observation. Plaintiff initially refused to comply with their commands, but after repeated commands he complied and was placed in hand restraints. Deputies Carlon and Black moved Plaintiff to the infirmary.

Plaintiff informed medical staff at the infirmary that he had been punching his door again. Medical staff requested that Plaintiff be placed on suicide watch. When an inmate is placed on suicide watch, he is dressed in a paper smock and is under constant observation through a cell with large windows. Plaintiff was advised that he was being placed on suicide watch.

He refused to comply with the directives on preparing him for suicide watch, became aggressive, and had to be restrained. Plaintiff was asked several times to cooperate with staff who were placing him on suicide watch and he failed to do so. Sergeant Cortes then directed Deputies Carlon and Black to remove Plaintiff's clothing so he could be dressed in a paper smock. Plaintiff began to resist the Deputies by pulling away and pinning his lower body against the wall.

When the Deputies tried to regain control, Plaintiff swung his head at them. Sergeant Cortes then directed the Deputies to restrain Plaintiff on the floor. Plaintiff resisted efforts to restrain him on the floor, but the Deputies were able to bring him to the floor. The Deputies continued to struggle to maintain control of Plaintiff while he was on the floor. Plaintiff continued to resist on the floor by bringing up his knees to his chest and swinging his arms.

After a continued struggle, the Deputies were able to gain full control of Plaintiff. Sergeant Cortes directed that Plaintiff be placed in WRAP restraints.[1] Plaintiff was placed into WRAP restraints and medical staff were called to evaluate him. Medical staff determined the WRAP restraints were placed properly and identified no further concerns with Plaintiff's health.

On March 12, 2024, Plaintiff filed his Second Amended Complaint alleging that Sergeant Cortes, Deputy Carlon, and Deputy Black violated his Fourteenth Amendment rights by using excessive force and seeks monetary damages of $1,000,000. Defendants filed their Motion on July 6, 2024. That same day, Defendants filed a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. Plaintiff did not respond to Defendants' Motion or the Notice. The time to respond to Defendants' Motion has expired. Thus, Defendants' Motion is unopposed.

## II.     Legal Standard

The Court first must consider whether to treat Defendants' motion as one for dismissal under Rule 12(b)(6) or as a motion for summary judgment. "A Rule 12(b)(6) motion must be treated as a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.' "[2] In that case, "[a]ll parties must be given a reasonable opportunity to

---

[1] WRAP restraints are designed as temporary restraining devices. The WRAP restraint immobilizes the body and restricts an inmate's ability to kick or do harm to himself or others.

[2] *Hartleib v. Weiser L. Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021) (quoting Fed. R. Civ. P. 12(d)).

present all the material that is pertinent to the motion."[3] However, a court need not convert the motion to one for summary judgment if it only considers "(1) documents the complaint incorporates by reference; (2) documents referred to in the complaint that are central to the plaintiff's claim and whose authenticity is not challenged; and (3) matters of which a court may take judicial notice."[4]

Here, Defendants assert qualified immunity and submit several documents in support of that motion including affidavits, policies, and reports. The Court finds that ruling on this motion requires it to consider documents outside of the Complaint to which none of the above exceptions apply. Therefore, Defendants' motion will be treated as one for summary judgment. Furthermore, Defendants filed a Notice to Plaintiff explaining that he must submit evidence in response to a motion for summary judgment and cannot rely upon the allegation in his Second Amended Complaint. Defendants also instructed Plaintiff that failure to properly respond to a motion for summary judgment could result in his claims being dismissed without trial. Nonetheless, Plaintiff never responded to Defendants' Motion or the Notice. As such, the Court finds that all parties had a reasonable opportunity to present all pertinent material and further discovery is not necessary.

### A. Standard for Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered

---

[3] Fed. R. Civ. P. 12(d).

[4] *Hartlieb*, 861 Fed. App'x at 719 (further citations and quotations omitted).

[5] Fed. R. Civ. P. 56(a).

evidence permits a reasonable jury to decide the issue in either party's favor.[6] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[7] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[8] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[9] The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[10]

### III.     Analysis

Defendants argue that they are entitled to summary judgment on the Fourteenth Amendment violations alleged against them because Plaintiff cannot overcome their assertion of qualified immunity. It is well established that "[i]ndividual defendants named in a § 1983 action may raise a defense of qualified immunity."[11] "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[12] When the defense of qualified immunity is asserted, the burden shifts to the plaintiff to show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and if so, (2) that the right was clearly established at the time of the defendant's unlawful

---

[6] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

[9] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[10] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[11] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013).

[12] *Id*. (quotations and citation omitted).

conduct."[13] The Court has discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[14] "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[15] "In determining whether the plaintiff has shouldered this *heavy burden*, '[the Court] construe[s] the facts in the light most favorable to the plaintiff as the nonmovant.' "[16]

Here, the Defendants are officers at the WCSO. Sergeant Cortes is currently a Sergeant at WCSO and was assigned to the WCDC as the Intake Sergeant during the relevant timeframe of events that gave rise to this case. Deputies Carlon and Black are both currently Deputies at WCSO and were assigned to the WCDC at the time the events that form the basis of this case occurred. Therefore, the Court finds the Defendants are public officials who are entitled to assert qualified immunity. As such, the burden shifts to Plaintiff to overcome their assertion of qualified immunity.

Plaintiff wholly fails to meet his burden to overcome Defendants' assertions of qualified immunity. Because Plaintiff did not file a response, he has not directed the Court to any arguments or authority to rebut Defendants' assertions. Nor has Plaintiff directed the Court to any evidence that would demonstrate that Defendants are not entitled to qualified immunity. Consequently, Plaintiff fails to overcome Defendants' assertions of qualified immunity. Thus, the Court grants summary judgment in favor of Defendants.

---

[13] *Id.* (citation omitted).

[14] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[15] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

[16] *Corona v. Aguilar*, 959 F.3d 1278, 1282 (10th Cir. 2020) (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)) (emphasis added).

**IT IS THEREFORE ORDERED** that Defendants Johnathon Cortes', Eliason Black's, and Fabian Carlon's Motion for Summary Judgment or Alternative Motion to Dismiss (Doc. 35) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE